07/28/2024



UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Royal International, LLC | Case Number: 24-cv-05299 |
| Plaintiff | |
| v. | Judge: Honorable Jeremy C. Daniel |
| Yehonatan Segal (49. CallBall \| 50. Fnaz_Store \| 53. moris_store_66) | Magistrate Judge: Honorable Young B. Kim |
| Defendant | |

DEFENDANT Yehonatan Segal'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant Yehonatan Segal, pro se, owner of eBay stores CallBall (Defendant 49), Fnaz_Store (Defendant 50), and morris_store_66 (Defendant 53), and for his Answer and Affirmative Defenses to Plaintiff Royal International, LLC's Complaint, states as follows:

INTRODUCTION

Defendant Yehonatan Segal denies all allegations in the Complaint not specifically admitted herein.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other defendants and therefore denies the same.

Defendant admits to operating the eBay stores CallBall, Fnaz_Store, and morris_store_66.

Defendant denies engaging in any unlawful conduct or infringement of Plaintiff's intellectual property rights.

AFFIRMATIVE DEFENSES

First Affirmative Defense: Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense: First Sale Doctrine

Defendant's actions are protected under the first sale doctrine. Defendant's business model involves dropshipping, where genuine, original products are listed for resale. Upon a customer's purchase, Defendant immediately procures the product from an authorized source for direct shipment to the customer.

The first sale doctrine, as established in Prestonettes, Inc. v. Coty, 264 U.S. 359 (1924) and codified in 17 U.S.C. § 109(a), affirms that once a trademarked product is lawfully sold, the trademark owner's rights are exhausted, allowing for resale of the product.

Third Affirmative Defense: No Actual Sales or Damages

Defendant has not completed any sales of the listed products. Consequently, no actual infringement or consumer confusion has occurred, and Plaintiff has not suffered any financial loss or damage to their brand reputation.

Fourth Affirmative Defense: Lack of Evidence of Counterfeiting

Plaintiff's allegations of counterfeiting are unsubstantiated, untrue, and cannot be proven. All products listed for sale were genuine, original products from Royal International, LLC.

The absence of completed sales precludes any basis for Plaintiff to claim that products sold by Defendant were counterfeit.

Fifth Affirmative Defense: Good Faith and Accurate Listings

Defendant's intent was to resell genuine products in good faith. All listings accurately described the products as genuine, unopened items, ensuring transparency and preventing consumer confusion.

Sixth Affirmative Defense: No Likelihood of Confusion

Given the absence of completed sales and the accurate description of products, there is no evidence of consumer confusion. Defendant's actions were transparent and aimed at reselling legitimate products without alteration or misrepresentation.

Seventh Affirmative Defense: Failure to Mitigate Damages

Plaintiff has failed to take reasonable steps to mitigate any alleged damages. Such reasonable steps could have included, but are not limited to:

a. Contacting Defendant directly to address any concerns prior to initiating legal action;

b. Utilizing eBay's internal dispute resolution mechanisms, which are designed to efficiently resolve intellectual property disputes;

c. Verifying whether any actual sales of the allegedly infringing products occurred before pursuing costly legal remedies;

d. Requesting eBay to remove the listings in question, a common and less drastic measure than seeking a Temporary Restraining Order;

Had Plaintiff taken these or similar reasonable steps, any alleged damages could have been significantly reduced or eliminated entirely, without the need for this legal action.

COUNTERCLAIM FOR WRONGFUL ISSUANCE OF TRO AND COMPENSATION

Defendant incorporates by reference paragraphs 1 through 14 above as if fully set forth herein.

The Temporary Restraining Order (TRO) issued against Defendant's eBay stores has resulted in their unjust shutdown, causing significant business disruption and financial loss. The shutdown of Defendant's stores began on July 26, 2024.

Defendant requests compensation of $150 per day for each of the three stores (totaling $450 per day) for each day of downtime due to the TRO. As of July 28, 2024, this has accumulated to 3 days of downtime, totaling $1350.

This amount is based on the average daily profit of each store, which can be substantiated through Defendant's business records.

Defendant respectfully requests that this compensation be paid from the $10,000 security bond provided by Plaintiff Royal International, LLC, to cover potential damages if the restraining order is later found to be wrongfully issued. As the shutdown continues, the amount of compensation will increase by $450 per day. Defendant reserves the right to claim additional compensation in the future, irrespective of this indemnification, for any further damages or losses incurred due to Plaintiff's actions.

PRAYER FOR RELIEF

WHEREFORE, Defendant [Your Name] respectfully requests that this Court:

A. Dismiss Plaintiff's Complaint with prejudice;

B. Dissolve the Temporary Restraining Order;

C. Award Defendant damages for wrongful issuance of the TRO and compensation as outlined in the Counterclaim;

D. Award Defendant costs and reasonable attorneys' fees incurred in defending this action;

E. Grant such other and further relief as the Court deems just and proper.

ADDITIONAL INFORMATION

Although this legal proceeding began on June 25, 2024, and a hearing in the presence of a judge was held on July 9, 2024, I was only informed of the existence of the lawsuit against me on July 26, 2024. I received the notification about the lawsuit on the above date from eBay and later that day from the plaintiff. This was the plaintiff's first notification to me. This delay in notification has further exacerbated the unfair impact on my business.

Respectfully submitted,

Yehonatan Segal

Tel: +972-532-484-785

Email: eyshstore@gmail.com

07/28/2024